Benedict, D. J.
This is a consolidated action, wherein several shippers of wheat seek to recover damages for an alleged failure on the part of the above-named vessel to perform certain bills of lading, duly issued by the master of said vessel, for a quantity of wheat to be transported in said vessel from New York to Havre. There are four sets of these bills of lading, issued to three different shippers. One set acknowledges the receipt of 7,939 50-60 bushels of wheat in bulk. Another set acknowledges the receipt of 15,000 bushels of wheat. Another set acknowledges the receipt of 36,-227 40-60 bushels of wheat, and another sot acknowledges the receipt of 4,100 bushels of wheat. All these bills of lading are similar in form, and all contain the following provisions in print: “Weight, measure, contents, quality, brands and value unknown; not accountable for bursting of bags; not accountable for weight, measures, decay, breakage, or damage by rats;” and also the provision in writing, “quantity and quality unknown.”
In regard to the first set the breach alleged is the failure to deliver 394 4-60 bushels of the wheat shipped; in regard to the second and third sets the breach alleged is the failure to deliver 462 4-60 bushels of the wheat shipped; in regard *820 to the fourth set the breach alleged is the failure to deliver 214 42-60 bushels of the wheat shipped.
The answer denies all knowledge as to the quantity of wheat shipped; avers that it was expressly understood that the quantity shipped was unknown; denies any breach of the contract, and avers a delivery of all the wheat shipped under the bills of lading referred to. Under these pleadings the burden of proof is upon the libellants, and in order to recover they must show a deficiency in the wheat delivered, and the amount thereof. This has not been done. No witness has been called who undertakes to state or pretends to know the quantity of wheat delivered in Havre; and the case, so far as the libellants are concerned, is bare of evidence upon that point. But the master of the vessel is sworn by the claimants, and testifies, without qualification or dispute, that all the grain shipped was duly delivered in Havre ; and in this he is confirmed by the circumstances that the bills of lading are produced by the claimants at the trial, and must therefore be presumed to have been surrendered by the consignees of the grain upon the delivery of the grain.
I have ret overlooked the testimony from which it was argued that q? i the arrival of the steamship at Bristol, England, whither ¿he proceeded from Havre, that the master there sold wheat from the vessel to the value of some nine pounds. The master’s explanation of this circumstance is that he had the steamer cleaned at Bristol, and what he sold was “sweepings” ,-f the value of five pounds, which he paid over to the owners. But if the facts in regard to this transaction be as contended by the libellants, (and I confess that the weight of the evidence appears to me to be with the master,) still it would do no more than create a suspicion. There would still be a total failure of evidence upon which it would be possible to find that any specific quantity of grain shipped under any of the bills of lading in suit had not been delivered.
The/result is that the libel must.be dismissed, and with costs* •